## SUPREME COURT.

### Simeon W. Phillips agt. William Myers and Abraham P. Black.

Under the " act to provide for the collection of demands against ships and vessels," no lien exists for materials furnished towards building a vessel, unless the contract was made and the materials were furnished within this state.

*Brooklyn General term, November*, 1865.

*Before* Scrugham, Lott *and* J. F. Barnard, *Justices.*

This was an appeal from an order denying a motion, by the defendant on the judge's minutes at circuit, for a new trial.   The action was brought under the " act to provide for the collection of demands against ships and vessels," to recover the amount of a bill for timber furnished by the plaintiff in the construction of a barge.   The barge was attached under the act, and a bond given by the owner. The suit was brought upon the bond.   The cause was tried at the Richmond circuit, and the jury found a verdict for the plaintiff.

Lot C. Clark *and* S. Jones, *for appellants.*

S. P. Nash, *for respondents.*

By the court, LOTT, J.   It is clearly shown by the testimony of the plaintiff himself, that the agreement made by him with Ellis, the builder, for furnishing the timber for the vessel in question, was not entered into in this state. He states that they had three interviews on the subject. Two of them took place in the city of New York.   At the first, the price at which he would furnish the lumber was talked over, but " no bargain was consummated then." The second was had " some weeks after " the first, at which " there was some talk, but no particular point," about furnishing the timber; and he adds : " at these interviews in New York, I can't say that there was an express agreement to furnish timber," " There was no express agreement in New York."   He says that the third interview took place about a week after the second, at his mills in New Jersey, where he resided ; that Ellis came there " to talk about the sizes and other things ; there was no particular agreement about how it was to be paid for." This is all the evidence in relation to the place of making the agreement, except a statement by the plaintiff in the commencement of his testimony, that he knew Ellis ; that he " made an arrangement with him in the summer of 1863, in regard to a barge named the Haskett ; it was made in the city of New York ;" but he subsequently explained this by saying : " I told Ellis I would charge forty and sixty dollars ; this was the arrangement ; Mr. Ellis wanted to know what it would cost him, and I told him ; that was the price at which it was afterwards furnished for ; by what I call arrangement, I mean what I would furnish it for."   He also says, that the timber was delivered to Ellis in rafts, at his mills in New Jersey ; that it was measured there, and " marked as usual, giving length," &c. ; that Ellis sent men after it, and he delivered the timber to them. There is nothing in this evidence to warrant the conclusion that the agreement under which that timber was furnished

was entered into, or that the debt contracted therefor was contracted within this state.

A question then arises, whether the plaintiff had a lien for such debt on the vessel, under the act referred to in the complaint, entitled "an act to provide for the collection of demands against ships and vessels," passed April 24th, 1862. That provides that "whenever a debt amounting to fifty dollars or upwards, as to a sea-going or ocean-bound vessel, or amounting to fifteen dollars or upwards, as to any other vessel, shall be contracted by the master, owner, charterer, builder or consignee, of any ship or vessel, or the agent of either of them within this state," among other purposes, "on account of work done, or materials or other articles furnished, in this state, for or towards the building, repairing, fitting, furnishing or equipping, such ship or vessel, such debt shall be a lien upon such vessel, her tackle, apparel and furniture."

In my opinion the debt contemplated by that provision must be contracted within this state, and it is not sufficient that the ship or vessel on which the work is done and materials are furnished, was at the time within this state. Such seems to be the natural construction of the clause conferring the remedy, and this construction is sustained by the subsequent provisions in the act declaring that the lien shall cease on the departure of the vessel from the port at which the debt was contracted, unless a specification of the lien claimed is filed in the office of the clerk of the county in which the debt was contracted. Nor were the materials furnished in this state. That is necessary to constitute a lien. The evidence shows that they were delivered in New Jersey. On these grounds the defendant was entitled to a dismissal of the complaint when the plaintiff rested his case.

The order denying the motion for a new trial must therefore be reversed, and a new trial is ordered, costs to abide the event.